IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| BASTIN JOSEPH, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>NEXTLEVEL ASSOCIATION SOLUTIONS, INC. d/b/a HOMEWISEDOCS.COM<br><br>      Defendant. | Civil Action No.<br><br>Judge<br><br>NOTICE OF REMOVAL FROM STATE COURT |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendant NextLevel Association Solutions, Inc. d/b/a HomeWiseDocs.com ("HomeWise"), by and through counsel, hereby removes the above-captioned action, No. 21-CA-9811 filed in the Circuit Court of Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453. In support of its Notice, HomeWise states as follows:

## COMPLIANCE WITH STATUTORY REQUIREMENTS

1. On or about December 10, 2021, Plaintiff Bastin Joseph ("Plaintiff") filed suit against HomeWise in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 21-CA-9811 (the "State Court Action"). The Complaint is attached hereto as **Exhibit A**.

2. On December 29, 2021, Plaintiff first served HomeWise with the Summons and Complaint from the State Court Action.

3. The Complaint purports to assert individual and putative class claims against HomeWise under Chapters 720 and 501 of the Florida Statutes. (Compl. at ¶¶ 48-85).

4. Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 1.06(b), attached hereto as **Composite Exhibit B** are copies of all process, pleadings, orders and other papers or exhibits of every kind, on file in the state court proceeding.

5. This Notice of Removal is properly filed in this District because the Circuit Court of the Thirteenth Judicial District in and for Hillsborough County, Florida is located within the Tampa Division of the Middle District of Florida. *See* 28 U.S.C. § 1441(a).

6. In accordance with 28 U.S.C. § 1446(d), HomeWise will promptly provide written Notice of Removal of the State Court Action to Plaintiff, and will

promptly file a copy of this Notice of Removal with the Hillsborough County Clerk of Courts.

## CLASS ACTION FAIRNESS ACT JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d)

7. As explained more fully herein, this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.* ("CAFA") because (1) this is a putative class action where Plaintiff is a citizen of a state different from HomeWise (28 U.S.C. § 1332(d)(2)(A)), (2) the matter in controversy exceeds the sum or value of $5,000,000 (28 U.S.C. § 1332(d)(2)), and (3) the number of members of all proposed classes in the aggregate is more than 100 (28 U.S.C. § 1332(d)(2), (5)(B)).

### I. Citizenship of the Parties

8. In this action, the requisite minimum diversity of citizenship exists because Plaintiff and HomeWise are citizens of different states. *See* 28 U.S.C. § 1332(d)(2)(A).

9. Plaintiff alleges in his Complaint that he is a resident of Florida. (Compl. at ¶ 16). It is a "well-established rule that a party's current residence is prima facie evidence of his domicile." *Deckers v. Kenneth W. Rose, Inc.* 592 F. Supp. 25, 28 (M.D. Fla. 1984) (determining party was domiciliary of Florida, his state of residence). Because "[c]itizenship is equivalent to 'domicile' for the purposes of diversity jurisdiction," Plaintiff's allegations effectively assert he is a Florida

citizen. *McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002) (affirming finding that the plaintiff was a citizen of Florida at the time of filing suit).

10. HomeWise is not a Florida citizen. HomeWise is a corporation incorporated under the laws of California with its principal place of business in Reno, Washoe County, Nevada where it maintains its headquarters. *See* 28 U.S.C. 1332(c)(1); (Compl. at ¶ 18).

11. As Plaintiff is a Florida citizen, and because HomeWise is not a Florida citizen, there is minimal diversity between the parties as required by section 1332(d)(2)(A).

## II. Amount-in-Controversy

12. HomeWise does not concede the accuracy of any of Plaintiff's allegations, liability on any of Plaintiff's claims, the truth of any class allegations, any of the assumptions and characterizations imbedded in Plaintiff's purported class definition, the propriety or breadth of the putative class, or that Plaintiff or the members of the putative class have suffered any compensable injury. The appropriateness of removal must be analyzed, however, based on the allegations contained in Plaintiff's complaint and the facts existing at the time of removal. *See Ostrowski v. Am. Tire Distributors, Inc.*, No. 617CV598ORL31KRS, 2017 WL 2115984, at *1 (M.D. Fla. May 16, 2017) (denying motion to remand and noting "[g]enerally, jurisdictional facts are assessed on the basis of the plaintiff's complaint as of the

time of removal.") (internal quotations and citations omitted).

13. Plaintiff alleges that HomeWise violated Chapters 720 and 501 of the Florida Statutes by (1) charging unreasonable sums for estoppel certificates, and (2) charging sums for estoppel certificates exceeding the $250 maximum established by Chapter 720. *See, e.g.*, (Compl. at ¶¶ 38, 60-61, 81-82). Plaintiff does not specify a monetary demand in the Complaint, but the allegations in the Complaint place in controversy an aggregate amount in excess of $5,000,000. 28 U.S.C. § 1332(d)(2). .

14. <u>Proposed Class Definition:</u> HomeWise thoroughly disputes Plaintiff's incoherent attempt at a fail-safe class definition and the many assumptions on which it is built. These include, but are not limited to, the assumption that HomeWise "prepare[s]" estoppel certificates, that estoppel certificates list amounts "owed" for expedited services, or that any individuals listed as "sellers" on estoppel certificates are "charged" any sum in a "Fee Summary" listed on estoppel certificate. (Compl. at ¶ 40). Nevertheless, HomeWise understands Plaintiff here is seeking to represent a class of individuals who were listed as "sellers" on estoppel certificates where the total amount charged (including HomeWise's service charges) in connection with the preparation of the same exceeds $250, where the estoppel certificate does not

indicate a balance on the account, and the order was not expedited. (Compl. at ¶ 40).

15. <u>Relevant Estoppel Certificates:</u> Based on Plaintiff's proposed class definition, HomeWise has identified approximately 42,395 estoppel certificates ordered between January 1, 2018 and December 31, 2021 for Florida residential properties, where the total amount charged (including HomeWise's service charges) exceeded $250, where the estoppel certificate does not indicate a balance on the account, and the order was not expedited.

16. <u>Plaintiff's Damages Allegations:</u> Plaintiff on his own behalf and on behalf of the putative class seeks actual damages under both Chapters 720 and 501 of the Florida Statutes. (Compl. at ¶¶ 62, 85). In his Prayer for Relief, Plaintiff requests, among other things, that the Court "[a]ward Plaintiff, and all others similarly situated, actual damages caused by HomeWise's violations of section 720.30851(5), Florida Statutes." Plaintiff contends that such actual damages consist of amounts paid "more than what is reasonable and/or more than $250 for the preparation and delivery of Estoppel Certificates . . . ." (Compl. at ¶ 61).

17. <u>Plaintiff's Damages Theory:</u> Plaintiff alleges that the reasonableness of charges for estoppel certificates depends on the cost of labor to prepare the same. In particular, Plaintiff alleges that "even charging $250" for an estoppel certificate would not be "reasonable," as purportedly required under both Chapters 720 and 501, because

> HomeWise's preparation and delivery of Plaintiff and the Class's Estoppel Certificates involved little more than reviewing an email from the HOA and data entry of basic information into software that automatically creates the Estoppel Certificate, it takes little time or skill. Certainly, less than 30 minutes. Charging Plaintiffs [sic] and the Class $250 for thirty minutes of data entry by unskilled workers is not "reasonable" . . . . Even assuming it takes 30 minutes to prepare the Estoppel Certificate, the fee imposed by HomeWise would equate to $500 per hour, which is obviously not "reasonable" as required by the statute.

(Compl. at ¶¶ 37, 81). While HomeWise disputes Plaintiff's theory that the reasonableness of fees can be appropriately determined by reference only to estimated labor costs, the calculation of the amount in controversy for purposes of removal necessarily depends on the allegations in the Plaintiff's Complaint at the time of removal.

18. <u>Estimate Under Plaintiff's Damages Theory</u>: A data entry clerk working in Florida earning in the 90th percentile of his or her peers receives an hourly wage of $21.63. Based on Plaintiff's allegation that it takes "thirty minutes of data entry to prepare the estoppel certificate," (a rate of two estoppel certificates

- 7 -

per hour) the labor cost per certificate would be $10.81. *See* (Compl. at ¶ 81). Under Plaintiff's theory, even a charge of $250 in connection with the preparation and delivery of an Estoppel Certificate exceeds the relevant labor cost by $239.19.

19.     <u>Amount-in-Controversy Calculation:</u> Based on Plaintiff's allegations, Plaintiff challenges as much as $239.19 of the charges for 42,000 estoppel certificates, resulting in an amount-in-controversy of $10,140,460.05. Even if the amount were cut in half, it would still easily surpass CAFA's amount-in-controversy threshold of $5,000,000. This sum <u>does</u> <u>not</u> include the amounts *in excess* of $250, which Plaintiff also challenges, nor does it include the costs, attorney's fees, or the value of the injunctive relief he also seeks. *See, e.g.*, (Compl. at ¶¶ 61-62, 82-85). And, the amount is based on four years of Florida data, without consideration of Plaintiff's decision not to limit his proposed class geographically or temporally.

20.     While HomeWise disagrees that any amounts it charged in connection with the preparation of estoppel certificates were unreasonable or otherwise violative of Florida law, and disputes Plaintiff's allegations that the reasonableness of fees is determinable by reference to costs (much less labor costs alone) as opposed to other considerations, it is clear that Plaintiff's allegations place into controversy an aggregate amount in excess of $5,000,000.

### III. Number of Putative Class Members

21. Plaintiff pleads that putative "Class members number in the thousands . . . ." (Compl. at ¶ 42). This, coupled with approximately 42,395 relevant estoppel certificates, demonstrates that the minimum jurisdictional threshold of 100 putative class members is satisfied. 28 U.S.C. 1332(d)(5)(B).

### CONCLUSION

22. In sum, removal to the United States District Court for the Middle District of Florida, Tampa Division is proper because (1) the parties are minimally diverse; (2) the amount-in-controversy under Plaintiff's individual and putative class claims exceeds $5,000,000; and (3) the putative class consists of more than 100 members. 28 U.S.C. §§ 1332(d)(2), (d)(2)(A), (5)(B).

WHEREFORE, HomeWise notices the removal of the above-captioned action to this Court from the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

Dated:  January 28, 2022

*/s/ Eric J. Partlow*
Eric J. Partlow
(Florida Bar No. 556531)
Michael A. Kolcun
(Florida Bar No. 86043)
ADAMS AND REESE LLP
100 North Tampa Street
Suite 4000
Tampa, Florida 33602
Telephone: (813) 402-2880
Facsimile:  (813) 402-2887
Email:  Eric.Partlow@arlaw.com
Email:  Michael.Kolcun@arlaw.com

Philip M. Oliss
(Ohio Bar No. 66528)
Alexander W. Prunka
(Ohio Bar No. 100431)
(*Pro hac vice applications forthcoming*)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:   (216) 579-0212
Email:  poliss@jonesday.com
Email:  aprunka@jonesday.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2022 I electronically filed the foregoing **NOTICE OF REMOVAL FROM STATE COURT** with the Clerk of the Court using the CM/ECF system.  I also certify that I served a copy of the foregoing Notice of Removal by overnight mail to Plaintiff's counsel, addressed  as follows:

| | |
|---|---|
| Brian W. Warwick<br>Matthew T. Peterson<br>VARNELL & WARWICK, P.A.<br>1101 East Cumberland Avenue<br>Suite 201H, #105<br>Tampa, Florida 33602 | Brent R. Bigger<br>Landis V. Curry III<br>PAUL KNOPF BIGGER, PLLC<br>511 West Bay Street<br>Suite 450<br>Tampa, Florida 33606 |

Dated:  January 28, 2022

*/s/ Eric J. Partlow*
Eric J. Partlow
(Florida Bar No. 556531)
ADAMS AND REESE LLP
100 North Tampa Street
Suite 4000
Tampa, Florida 33602
Telephone: (813) 402-2880
Facsimile:  (813) 402-2887
Email:  Eric.Partlow@arlaw.com