IN THE CIRCUIT COURT, THIRTEENTH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY FLORIDA

CASE NO.:

Bastin Joseph, Individually
and on behalf of all others similarly situated,

       Plaintiffs,

v.

NextLevel Association Solutions, Inc., D/B/A,
HomeWiseDocs.com

       Defendant.

_____/

## CLASS ACTION COMPLAINT

Bastin Joseph ("Plaintiff"), on behalf of himself and all others similarly situated, under Florida Rule of Civil Procedure 1.220, sues NextLevel Association Solutions, Inc., D/B/A, HomeWiseDocs.com ("HomeWise") and states:

## INTRODUCTION AND NATURE OF ACTION

1.    Plaintiff brings this class action to halt HomeWise's uniform and systematic practice of charging and collecting more than the $250 statutory cap for the preparation and delivery of non-expedited estoppel certificates in section 720.30851(6), Florida Statutes.

2.    In Florida, individual properties can be encumbered by a condominium, cooperative or homeowners' association ("HOA") and are therefore subject to association assessments. If unpaid, these assessments constitute a continuing lien against the property.

3.    As part of a sale or financing of a home in one of these HOA communities, the owner-seller must provide the buyer or lender with a binding statement of the property's financial status with the HOA. This statement is known as an Estoppel Certificate and is issued by the HOA

or on behalf of the HOA. The closing agent uses the information contained in the Estoppel Certificate to make necessary pro-rations, prepare the closing or settlement statement for the transaction, and pay any outstanding amounts shown on the Estoppel Certificate Estoppel at closing.

4.      A homeowner must also provide the buyer with a warranty deed at the closing. This document proves that the owner has title to the property and the authority to sell it. Title insurance guarantees this deed. However, title insurance companies will not issue such policies unless they know there are no liens or other encumbrances on the property, which is why the Estoppel Certificate is so important. The title company must make sure there are no outstanding balances due to the HOA that may run with the land.

5.      Frequently, HOAs employ third-party vendors, who serve as their agent, to draft the Estoppel Certificate reflecting any balances owed to the HOA or liens against the property. HomeWise is in the business of preparing Estoppel Certificates for HOAs across the country. Here, the Toulon Homeowners Association, Inc. ("Toulon HOA") and its property management company, Rizzetta & Company, Inc. ("Rizzetta") hired HomeWise to prepare Estoppel Certificates for properties in Florida.

6.      For years, HOAs and their agents charged excessive Estoppel Certificate fees, which led to a massive lobbying effort by the Florida real estate industry for change. In 2017, the Florida legislature passed Senate Bill 398, which placed a $250 cap as the maximum amount that a HOA or its authorized agent can charge for the preparation and delivery of an Estoppel Certificate.

7.      Section 720.30851(6) of the Florida Statutes provides:

An association or its authorized agent may charge a reasonable fee for the preparation and delivery of an estoppel certificate, which may not exceed $250, if,

on the date the certificate is issued, no delinquent amounts are owed to the association for the applicable parcel. If an estoppel certificate is requested on an expedited basis and delivered within 3 business days after the request, the association may charge an additional fee of $100. If a delinquent amount is owed to the association for the applicable parcel, an additional fee for the estoppel certificate may not exceed $150.

8.    Despite this change in the law, HomeWise has been charging an Estoppel Certificate Fee in excess of the $250 capped amount, in violation of section 720.30851(6), when no delinquent amounts are owed and on a non-expedited basis. HomeWise systematically charges and collects fees for the preparation and delivery of Estoppel Certificates in that manner as a routine business practice across the state of Florida.

9.    For example, in January 2020, Plaintiff sold a home in Seffner, Florida, that was subject to the Toulon Homeowners Association, Inc. ("Toulon HOA"). As part of that transaction, HomeWise prepared and delivered an Estoppel Certificate for Plaintiff's Property. There were no liens because Plaintiff did not owe any delinquent amounts to the HOA and the Estoppel Certificate was not requested on an expedited basis. The HomeWise Estoppel Certificate prepared and delivered for Plaintiff's Property includes an Estoppel Certificate Fee in the amount of $279.00, which exceeds the $250 cap under section 720.30851(6). **Exhibit A** (Page 4 of HomeWise's Estoppel Certificate for Plaintiff's January 2020 closing).

10.    Plaintiff's Settlement Statement reflects that Plaintiff paid $279.00 for HomeWise to prepare and deliver the Estoppel Certificate on behalf of the Toulon HOA. **Exhibit B** (Plaintiff's January 24, 2020 Settlement Statement). There is no justification for HomeWise charging $29 more than the $250 statutory cap ($279 total Fee) because there were no delinquent amounts owed and the Estoppel Certificate was not expedited.

11.     Plaintiff seeks disgorgement of all amounts collected by HomeWise from Plaintiff and members of the putative class in excess of the $250 statutory cap in violation of section 720.30851(6).

12.     Plaintiff also brings a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") for:

(a) representing that it was only charging $250 for the preparation and delivery of Plaintiff's Estoppel Certificate on the Order Summary for Plaintiff's Estoppel Certificate, when in reality, Plaintiff was charged $279;

(b) not charging a "reasonable" fee for the actual amount of labor and resources used for the preparation and delivery of Plaintiff's Estoppel Certificate; and

(c) charging and collecting more than the section 720.30851(6) $250 limit from title companies, knowing that the sellers will have to pay that cost at closing.

## JURISDICTION AND VENUE

13.     This Court possesses subject matter jurisdiction over this matter because the amount in controversy exceeds $30,000.00, and HomeWise conducts an on-going course of business in this County and throughout the State of Florida.

14.     This Court has personal jurisdiction over HomeWise because it conducts business in Florida, and has marketed, distributed, and sold services in Florida, including Hillsborough County. HomeWise also committed tortious acts in Florida by charging unlawful Estoppel Certificate Fees in Florida and by engaging in deceptive and unfair trade practices in Florida that targeted Florida consumers.

15.    Venue is proper in this County because actions giving rise to this lawsuit occurred in this County.

## PARTIES

16.    Plaintiff Bastin Joseph ("Plaintiff") is a resident of Florida and is over the age of 18.

17.    Plaintiff and Class members are "consumers" within the meaning of section 501.203(7), Florida Statutes.

18.    Defendant NextLevel Association Solutions, Inc., D/B/A HomeWiseDocs.com ("HomeWise"), is a California corporation with its principal place of business in Reno, Nevada.

19.    HomeWise was engaged in "trade or commerce" within the meaning of section 501.203(8), Florida Statutes.

## GENERAL FACTUAL ALLEGATIONS

A.    **Plaintiff's Property Sale**

20.    On or around January 24, 2020, Plaintiff sold his property located at 9305 Merlot Circle in Seffner, Florida (the "Property") that was subject to the Toulon HOA.

21.    Because the Property is deed restricted by the Toulon HOA, Plaintiff's sale required an Estoppel Certificate pursuant to section 720.30851 of the Florida Statutes.

22.    Toulon HOA has hired Rizzetta to manage the property. Thus, Rizzetta was, at all relevant times, acting as the agent of the Toulon HOA.

23.    It is a common practice for HOAs, and property management companies, such as Toulon HOA and Rizzetta, to hire third-party companies to draft Estoppel Certificates on their behalf.

5

24.     HomeWise is in the business of drafting Estoppel Certificates for HOAs, not only in Florida, but across the United States.

25.     HomeWise charged and was paid $279 for issuing Plaintiff's Estoppel Certificate on behalf of the Toulon HOA.  Plaintiff did not request the Estoppel Certificate on an expedited basis, and Plaintiff did not owe any delinquent amounts to the HOA.  HomeWise charged and collected more than the $250 statutory limit for Plaintiff's Estoppel Certificate.

26.     Any Fee charged by HomeWise to Plaintiff or members of the putative class, for preparing and delivering an Estoppel Certificate had to be "reasonable," and in no event, could it "exceed $250." § 720.30851(6), Fla. Stat.

27.     Thus, HomeWise could not lawfully charge Plaintiff and putative class members a fee that exceeds $250 for preparation and delivery of a non-expedited Estoppel Certificate where no delinquent amounts were owed to the association.

28.     The only way Plaintiff could obtain an Estoppel Certificate was through Toulon HOA. In fact, Toulon HOA's community association manager (Rizzetta employee) told Plaintiff that it was "mandatory" for all Toulon HOA Estoppel Certificates to be ordered through HomeWise:

> **From:** bastin j <mail4bastin@yahoo.com>
> **Sent:** Monday, February 03, 2020 2:13 PM
> **To:** Allan Heinze <AHeinze@rizzetta.com>
> **Subject:** Re: Estoppel question - This is my fourth email to get an answer. Next will be a DBPR complaint.
>
> **So all Estoppels must be ordered through homewise docs. com? Is that mandatory?**
>
> On Monday, February 3, 2020, 02:16:30 PM EST, Allan Heinze <aheinze@rizzetta.com> wrote:
>
> **That is correct.**

6

**Allan Heinze**
Community Association Manager
Rizzetta & Company
9428 Camden Field parkway
Riverview, Florida  33578
Phone: 813.533.2950
aheinze@rizzetta.com

(Emphasis added.)

29.    On the Estoppel Certificate that HomeWise prepared and delivered for Plaintiff's

Property, HomeWise charged $273.00 for the Estoppel Certificate and a $6.00 Convenience Fee

for a total amount of $279.00.



See Exhibit A (HomeWise Estoppel Certificate at 4 of 6).

30.    The Estoppel Certificate (Exhibit A) that HomeWise prepared and delivered for

Plaintiff's Property is a standard form Estoppel Certificate that HomeWise uses for all parcel

owners in Florida.

31.    Additionally, HomeWise provides an "Order Summary" (**Exhibit B**) for each

Estoppel Certificate it prepares, which is deceptive to parcel owners regarding how much they are

7

actually being charged for an Estoppel Certificate. Specifically, HomeWise's Order Summary for

Plaintiff states that it only charged $250 for an Estoppel Certificate, without mentioning that it also

charged him $29 in Fees related thereto:

### Order Summary
Toulon Homeowners Association, Inc.
Rizzetta & Company, Inc.

**Property Information:**
9305 Merlot Cir
Seffner, FL 33584-2619
Seller: Bastin Joseph
Buyer: Christine and Kerry Lewandowski

**Requestor:**
Majesty Title Services, LLC
Dori Sullivan
813-831-3885

---

**Payment Summary**

Payment Method: American Express
Name: Catherine Thompson
Account Number: ███████████
Payment Amount: $429.00
Payment Date: 12-18-2019

---

**Payment Details**

**Amounts Prepaid**

| | |
|---|---|
| Convenience Fee | $6.00 |
| Estoppel Certificate | $250.00 |
| Transfer Fee | $150.00 |
| HWD Third Party Service Fee | $23.00 |
| Up Front Total | $429.00 |

---

**Exhibit B** (HomeWise Order Summary for Plaintiff's Property).

32.      HomeWise's Order Summary is unfair and deceptive because it makes it appear

that it is complying with the $250 maximum fee for preparing and delivery of an Estoppel

Certificate. However, a closer look shows that it also adds a "HWD Third Party Service Fee" of

$23.00 and a "Convenience Fee" of $6.00, which are not permitted under section 720.30851(6).

**(Exhibit B)**

33.      Neither of these fees are authorized under section 720.30851(6).  Instead, the statute

makes clear that the most that can be charged to homeowners is $250 when the Estoppel Certificate

is not expedited and where no money is owed to the HOA. These fees are essentially a way for HomeWise to conceal charging more than $250 statutory cap for preparation and delivery of an Estoppel Certificate.

34.    On HomeWise's Estoppel Certificates, the $23 "HWD Third Party Service Fee" is not identified as a separate cost. Instead, the total price of the Estoppel Certificate is listed as $273.00. See **Exhibit A**. Plaintiff's Property Estoppel Certificate.

35.    At closing, Plaintiff paid $279 ($273 Estoppel Certificate + $6.00 convenience fee=$279) for the Estoppel Certificate from HomeWise, which exceeds the $250 statutory maximum fee for preparing and delivery a non-expedited Estoppel Certificate where no delinquent amounts were owed to the association:

| | | | | | | MASTER STATEMENT - Continued | |
|---|---|---|---|---|---|---|---|
| **SELLER** | | | | | **BORROWER** | | |
| DEBITS | $ | CREDITS | | $ | DEBITS | $ | CREDITS |
| | | | **TITLE & ESCROW CHARGES** | | | | |
| | | | ALTA 9.2-06 - Restrictions, Encroachments, Minerals - Improved Land (with Florida Modificati to Majesty Title Services, a division of LandCastle Title Group, LLC | | 188.50 | | |
| | | | Title - Lender's Title Insurance to Majesty Title Services, a division of LandCastle Title Group, LLC | | 250.00 | | |
| 1,635.00 | | | Title - Owner's Title Insurance to Majesty Title Services, a division of LandCastle Title Group, LLC | | | | |
| | | | Title - Settlement Services Fee - Buyer to Majesty Title Services, a division of LandCastle Title Group, LLC | | 650.00 | | |
| 450.00 | | | Title - Settlement Services Fee - Seller to Majesty Title Services, a division of LandCastle Title Group, LLC | | | | |
| 125.00 | | | Title - Title Search to Majesty Title Services, a division of LandCastle Title Group, LLC | | | | |
| 279.00 | | | Estoppel Fee to Majesty Title Services, a division of LandCastle Title Group, LLC | | | | |

**Exhibit C** (Plaintiff's January 24, 2020 Master Closing Statement, p. 2)

36.    Under section 720.30851(6), the $250 cap is for both preparing and delivering a non-expedited Estoppel Certificate. Thus, HomeWise cannot add a $6.00 Convenience Fee to the $273 it already charges for preparation of the Estoppel Certificate. **(Exhibit A)**

37.     Additionally, any fee charged for the preparation and delivery of an Estoppel Certificate must be "reasonable" under the statute, but in no event can it ever be more than $250 on a non-expedited basis and no delinquent amounts owed.  Because HomeWise's preparation and delivery of Plaintiff and the Class's Estoppel Certificates involved little more than reviewing an email from the HOA and imputing basic information into software that automatically creates the Estoppel Certificate, it takes little time.  Certainly, less than 30 minutes.  Charging Plaintiffs and the class $250 for less than thirty minutes of basic data entry by unskilled workers is not "reasonable" as required by section 720.30851(6).  Even assuming it takes 30 minutes to prepare the Estoppel Certificate, the fee imposed by HomeWise would equate to $500 per hour, which is obviously not "reasonable" as required by the statute.

38.     Plaintiff suffered actual damages in the amount not less than $29 by paying $279 for the preparation and delivery of an Estoppel Certificate at closing (Exhibit C), on a non-expedited basis, when the statutory maximum that could lawfully be charged for preparation and delivery was $250.  Even charging $250 was not reasonable given the basic information being provided.  Similar unlawful charges have been imposed by HomeWise to consumers throughout the state of Florida.

39.     Plaintiff seeks actual damages, plus attorney fees and costs under section 720.30851(5), Florida Statutes.

### Class Allegations

40.     Pursuant to Florida Rule of Civil Procedure 1.220(a), (b)(2), and (b)(3), Plaintiff brings this action on behalf of himself and all others similarly situated. The following Class is defined as:

> All individuals listed as "sellers" on an Estoppel Certificate prepared by HomeWise, in substantially the same form as Exhibit A, that does not list an amount

owed for expedited service, and lists no delinquent amounts owed to the association, and that were charged more than $250 for the Estoppel Certificate in the "Fee Summary" listed within the Estoppel Certificate.

41.    Excluded from the Class are the HomeWise entities and their current employees, as well as the Court, family members of the presiding Judge, and applicable Court personnel.

42.    **Numerosity**: The precise number of members of the proposed Class is unknown at this time, but based upon information and belief, Class members are so numerous that their individual joinder herein is impracticable. Based upon information and belief and publicly available reports, Class members number in the thousands as HomeWise has a substantial business presence in the State of Florida. All Class members may be notified of the pendency of this action by reference to HomeWise's records, or by other alternative means.

43.    **Commonality**: Numerous questions of law and fact are common to the claims of Plaintiff and members of the proposed Class. These common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class members. These common legal and factual questions include, but are not limited to the following:

(a) Whether HomeWise charges an Estoppel Certificate fee that exceeds the $250 statutory cap set forth in section 720.30851(6) of the Florida Statutes on a non-expedited and no delinquent payment status;

(b) Whether the $6 Convenience Fee HomeWise charges violates the statutory cap set forth in section 720.30851(6);

(c) Whether Plaintiff and Class Members suffered actual damages as a result of paying more than $250 for the preparation and delivery of Estoppel Certificates from HomeWise at closing;

11

(d) Whether it was an unlawful and deceptive practice under FDUTPA for HomeWise to represent that the Estoppel Certificate Fee was $250 on the Order Summary and itemize a separate line for a $23 Service Fee and a $6 Convenience Fee;

(e) Whether HomeWise charged a "reasonable" fee for the preparation and delivery of its Estoppel Certificates; and

(f) Whether injunctive relief is appropriate.

44.    **Typicality**: The claims alleged by Plaintiff are typical of the claims of the Class. All members of the proposed class were harmed by HomeWise charging and collecting more than $250 for the preparation and delivery of estoppel certificates.

45.    **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and have no interests antagonistic or contrary to the Class, and have retained counsel experienced in complex class action litigation.

46.    **Predominance and Superiority**: A class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class member will be relatively modest, compared to the expense and burden of individual litigation. It would be impracticable for each Class member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive. It would be difficult, if not impossible, to obtain counsel to represent Plaintiff on an individual basis for such small claims. More importantly, the vast majority of Class members are not aware that HomeWise charges more than the $250 statutory cap, and a class action is the only viable means of adjudicating their individual rights. There will be no difficulty in the management of this litigation as a class action as the legal issues affect a standardized pattern of conduct by HomeWise and class actions are commonly used in such circumstances.

47.    HomeWise also acted and refused to act on grounds generally applicable to the Class, thereby making injunctive relief with respect to the Class as a whole under Florida Rule of Civil Procedure 1.220(b)(2). HomeWise should be enjoined from charging more than a reasonable fee and certainly no more than the $250 statutory cap to prepare and deliver Estoppel Certificates, on a non-expedited basis, where no amounts are owed to the HOA.

## COUNT I
Violation of § 720.30851(6), Fla. Stat.

48.    Plaintiff reincorporates and reallege paragraphs 1 through 47, as if set forth herein in full.

49.    Plaintiff brings this claim on behalf of himself and all others similarly situated.

50.    Under section 720.30851(5) of the Florida Statutes, Plaintiff is entitled to recover reasonable attorney fees.[1]

51.    Section 720.30851(6) of the Florida Statutes declares:

An association or its authorized agent may charge a reasonable fee for the preparation and delivery of an estoppel certificate, which may not exceed $250, if, on the date the certificate is issued, no delinquent amounts are owed to the association for the applicable parcel. If an Estoppel Certificate is requested on an expedited basis and delivered within 3 business days after the request, the association may charge an additional fee of $100. If a delinquent amount is owed to the association for the applicable parcel, an additional fee for the Estoppel Certificate may not exceed $150.

52.    Plaintiff sold the Property on January 24, 2020. At the time of the sale, Plaintiff did not have any delinquent amounts that were owed to his HOA.

---

[1] Although section 720.30851(5) authorizes parties to invoke a "summary proceeding pursuant to s. 51.011," Plaintiff is not pursuing any claim under a summary proceeding.

53.     In order to complete the sale of the Property, Plaintiff's HOA required him to obtain an Estoppel Certificate from HomeWise to show that Toulon HOA had no liens on Plaintiff's Property.

54.     Acting as the agent of the HOA, HomeWise is required to comply with the estoppel certificate pricing set forth in in section 720.30851(6).

55.     Because HomeWise was preparing the non-expedited Estoppel Certificate to show that Plaintiff's HOA possessed no liens on the Property, any Estoppel Certificate Fees charged by HomeWise to had to be both "reasonable" and in no event could the Fee "exceed $250." *See* § 720.30851(6), Fla. Stat.

56.     The only way Plaintiff could receive the Estoppel Certificate for the Property was through Toulon HOA and HomeWise. Plaintiff could not obtain an Estoppel Certificate on his own.

57.     On the Estoppel Certificate that HomeWise prepared for Plaintiff's Property, HomeWise charged $273.00 for the Estoppel Certificate and a $6.00 Convenience Fee, which is not reasonable for the small amount of work done and the Fee exceeds the $250 statutory cap.



See Exhibit A (HomeWise Estoppel Certificate p. 4 of 6).

58.    The Estoppel Certificate (Exhibit A) that HomeWise prepared and delivered for Plaintiff's Property is a standard form Estoppel Certificate that it uses for all parcel owners in Florida.

59.    Plaintiff paid $279 ($273 Estoppel Certificate + $6.00 Convenience Fee = $279) for the Estoppel Certificate, which exceeds the $250 statutory cap for preparing and delivery a non-expedited Estoppel Certificate where no delinquent amounts are owed:

| SELLER | | | | | BORROWER | | |
|---|---|---|---|---|---|---|---|
| DEBITS | $ | CREDITS | | $ | DEBITS | $ | CREDITS |
| | | **TITLE & ESCROW CHARGES** | | | | | |
| | | ALTA 9.2-06 - Restrictions, Encroachments, Minerals - Improved Land (with Florida Modificati to Majesty Title Services, a division of LandCastle Title Group, LLC | | | 188.50 | | |
| | | Title - Lender's Title Insurance to Majesty Title Services, a division of LandCastle Title Group, LLC | | | 250.00 | | |
| 1,635.00 | | Title - Owner's Title Insurance to Majesty Title Services, a division of LandCastle Title Group, LLC | | | | | |
| | | Title - Settlement Services Fee - Buyer to Majesty Title Services, a division of LandCastle Title Group, LLC | | | 650.00 | | |
| 450.00 | | Title - Settlement Services Fee - Seller to Majesty Title Services, a division of LandCastle Title Group, LLC | | | | | |
| 125.00 | | Title - Title Search to Majesty Title Services, a division of LandCastle Title Group, LLC | | | | | |
| 279.00 | | Estoppel Fee to Majesty Title Services, a division of LandCastle Title Group, LLC | | | | | |

MASTER STATEMENT - Continued

**Exhibit C** (Plaintiff's January 24, 2020 Master Closing Statement, p. 2)

60.    Therefore, HomeWise violated section 720.30851(6) in charging Plaintiff and the class more than what is reasonable for so little work, and more than the $250 statutory cap for the preparation and delivery of non-expedited Estoppel Certificates where no delinquent amounts were owed.

61.    Plaintiff and Class Members suffered actual damages by paying more than what is reasonable and/or more than $250 for the preparation and delivery of Estoppel Certificates, on a

non-expedited basis where no delinquent amounts were owed, when the charge for preparation and delivery of such certificates must be reasonable and has been capped at $250.

62.      Plaintiff is entitled to actual damages, plus attorney fees and costs pursuant to section 720.30851(5), Florida Statutes.

## COUNT II
### Violation of FDUTPA

63.      Plaintiff reincorporates and reallege paragraphs 1 through 47, as if set forth herein in full.

64.      Plaintiff and class members are "consumers" within the meaning of section 501.203(7), Florida Statutes.

65.      Plaintiff engaged in "trade or commerce" within the meaning of section 501.203(8), Florida Statutes, by advertising, soliciting, providing, and offering trading services to the public.

66.      Section 501.204(a) of the Florida Statutes provides: "Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." § 501.204, Fla. Stat.

67.      While the Florida Legislature has not defined what an "unfair and deceptive act" is, it has mandated that FDUTPA be liberally construed. § 501.204, Fla. Stat.

68.      FDUTPA seeks to protect legitimate consumers, like Plaintiff and Class Members, from those who engage in unfair methods of competition, or unconscionable, deceptive, and/or unfair acts or practices in the conduct of any trade or commerce.

69.      Furthermore, FDUTPA provides that great weight shall be given to federal cases interpreting the federal counterpart to FDUPTA. § 501.204(2), Fla. Stat.  Federal courts have defined a deceptive trade practice to be any act or practice that has the tendency or capacity to

deceive consumers and an unfair practice to be any act that offends public policy and is in general, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

70. An unfair practice has been defined as one that "offends established public policy" and one that is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Samuels v. King Motor Co of Fort Lauderdale*, 782 So.2d 489 (Fla. 4th DCA 2001) (citing *Spiegel, Inc. v. Fed. Trade Comm'n*, 540 F.2d 287, 293 (7th Cir. 1976)).

71. By preparing Estoppel Certificates on behalf of various HOAs, HomeWise is subject to the Estoppel Certificate pricing limits set forth in section 720.30851(6), Florida Statutes.

72. HomeWise engaged in unfair trade practices and/or unfair methods of competition when it knowingly charges and collects more than a reasonable amount and certainly when it collects more than the $250 statutory cap set forth in section 720.30851(6) for the preparation and delivery of Estoppel Certificates in Florida that are non-expedited and have no delinquent amounts owed to the HOA.

73. Moreover, HomeWise violates FDUTPA when it charges more than the $250 statutory cap set forth in section 720.30851(6) for the preparation and delivery of Estoppel Certificates in Florida that are non-expedited and have no delinquent amounts owed to the HOA to title companies, knowing that the title companies pass through that amount in entirety to sellers of parcels at closing.

74. Additionally, HomeWise violated FDUTPA when it deceptively represented that it was only charging $250 for the preparation and delivery of the Estoppel Certificate on its Order Summary (Exhibit B), when in fact, it charged $273 for the Estoppel Certificate and an additional $6 Convenience Fee for a total of $279.

17

75.    It was unfair and deceptive for HomeWise to not include the HWD Third Party Service Fee of $23.00 and $6 Convenience Fee into the $250 Estoppel Certificate Fee itemization line on the Order Summary so that Plaintiff and the class could understand the full amount they were being charged for the Estoppel Certificate. Exhibit B.

76.    Reasonable consumers, like Plaintiff and Class Members, would be deceived by HomeWise's representations that (a) the amount they paid at closing for the Estoppel Certificate was within the legal limits that could be charged to them for the preparation and delivery of a estoppel certificate, (b) they were only going to be charged $250 for the Estoppel Certificate when they looked at the Order Summary, and (c) the amount they were charged was "reasonable" for the amount of labor and resources necessary for the preparation and delivery of the Estoppel Certificate.

77.    In reality, Plaintiff and members of the class paid $279 in Estoppel Certificate fees. Exhibit C.

78.    Plaintiff's actual Estoppel Certificate stated the cost of the Estoppel Certificate was $273, plus a $6 Convenience Fee paid to HomeWise (Exhibit A), which is inconsistent with the Order Summary (Exhibit B).

79.    Plaintiff and class members suffered actual damages within the meaning of section 501.211, Florida Statutes, because they paid more than what is reasonable and more than the $250 statutory cap for the preparation and delivery of a non-expedited Estoppel Certificate.

80.    In addition to the unfair and deceptive practice of charging amounts above $250 for the Estoppel Certificates provided to Plaintiff and the class, HomeWise cannot even justify the payment of $250.  Section 720.30851(6) of the Florida Statutes provides:

> An association or its authorized agent may charge a **reasonable fee**
> for the preparation and delivery of an estoppel certificate, which

may not exceed $250, if, on the date the certificate is issued, no delinquent amounts are owed to the association for the applicable parcel. (emphasis added).

81.    Thus, any fee charged for the preparation and delivery of an Estoppel Certificate must be "reasonable" under the statute, but in no event can it ever be more than $250 on a non-expedited basis and no delinquent amounts owed.  Because HomeWise's preparation and delivery of Plaintiff and the Class's Estoppel Certificates involved little more than reviewing an email from the HOA and data entry of basic information into software that automatically creates the Estoppel Certificate, it takes little time or skill.  Certainly, less than 30 minutes.  Charging Plaintiffs and the class $250 for thirty minutes of data entry by unskilled workers is not "reasonable" as required by section 720.30851(6).  Even assuming it takes 30 minutes to prepare the Estoppel Certificate, the fee imposed by HomeWise would equate to $500 per hour, which is obviously not "reasonable" as required by the statute.

82.    Plaintiff and class members suffered actual damages within the meaning of section 501.211, Florida Statutes, because they paid more than a "reasonable fee" for the preparation and delivery of non-expedited Estoppel Certificates in violation of section 720.30851(6), Florida Statutes.

83.    HomeWise's FDUTPA violations were the proximate cause of Plaintiff and Class Members actual damages.

84.    In addition to the remedies available to Plaintiffs and the class pursuant to section 501.211(1), Florida Statutes, Plaintiff and class members are still "aggrieved parties" as defined by FDUTPA section 501.211(2), Florida Statutes, as they were subject to HomeWise charging and collecting (a) more than $250 for a non-expedited and no delinquent amount owed estoppel certificate, (b) an unreasonable fee for the actual amount of labor involved for preparation and

delivery of the Estoppel Certificate, and (c) for representing that Plaintiff and the class were only being charged $250 for Estoppel Certificates, when in reality, they are charging and collecting $279. Injunctive relief is appropriate to prevent HomeWise from making further misrepresentations and continuing to conceal what it is actually charging and collecting for the preparation and delivery of Estoppel Certificates in Florida.

85.    Plaintiff seeks attorney fees and costs pursuant to section 501.2105(1), Florida Statutes.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this case be certified and maintained as a class action and for judgment to be entered against Defendants as follows:

1. Enter an order certifying the proposed Class, designating Plaintiff as the Class representatives, and designating the undersigned as Class counsel;

2. Declare that HomeWise is financially responsible for notifying all Class members;

3. Declare that HomeWise violated section 720.30851(6), Florida Statutes;

4. Declare that HomeWise violated the Florida Deceptive and Unfair Trade Practices Act;

5. Award Plaintiff, and all others similarly situated, actual damages caused by HomeWise's violations of section 720.30851(6) and FDUTPA;

6. Award Plaintiff's attorney fees and costs pursuant to sections 501.2105(1) and 720.30851(5), Florida Statutes;

7. For injunctive relief prohibiting any future violations of sections 501.2105(1) and 720.30851(6), Florida Statutes; and

8. Award any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff, on behalf of himself and all others similarly situated, requests a trial by jury.

Respectfully submitted this 10th day of December, 2021.

VARNELL & WARWICK, P.A.

By: /s/ Brian W. Warwick
BRIAN W. WARWICK; FBN: 0605573
MATTHEW T. PETERSON; FBN: 1020720
1101 E. CUMBERLAND AVE., STE. 201H, #105
TAMPA, FL 33602
TELEPHONE: (352) 753-8600
FACSIMILE: (352) 504-3301
*bwarwick@vandwlaw.com*
*mpeterson@vandwlaw.com*
*kstroly@vandwlaw.com*

PAUL KNOPF BIGGER, PLLC

By: /s/ Brent R. Bigger
BRENT R. BIGGER; FBN: 823961
LANDIS V. CURRY III; FBN: 0469246
511 W. BAY STREET, SUITE 450
TAMPA, FL 33606
TELEPHONE: (813) 609-2993
FACSIMILE: (813) 864-6777
*brent@pkblawfirm.com*
*lance@pkblawfirm.com*
*vielka@pkblawfirm.com*

***Attorneys for Plaintiff***

## Estoppel Certificate
### Toulon Homeowners Association, Inc.
### Rizzetta & Company, Inc.

**Property Information:**
9305 Merlot Cir
Seffner, FL 33584-2619
Seller: Bastin Joseph
Buyer: Christine and Kerry Lewandowski

**Requestor:**
Majesty Title Services, LLC
Dori Sullivan
813-831-3885
Estimated Closing Date: 01-30-2020

### General Information

| | |
|---|---|
| The effective period is 30 days from the date of issuance indicated below. | |
| Additional Owners as reflected in the books and records of the association: | n/a |
| Is this account delinquent? | No |
| Is this account in collections? | No |
| Parking space number: | N/A |
| Garage space number: | N/A |
| Do the rules and regulations of the association applicable to the unit require approval by the board of directors of the association for the transfer of the unit? | No |
| If yes, has the board approved the transfer of the unit? | Not Applicable |
| Is there a right of first refusal provided to the members or the association? | No |
| If yes, have the members or the association exercised that right of first refusal? | Not Applicable |
| Is the unit a member of any other associations? | No |
| What is the regular periodic assessment against the unit? | 153.00 |
| What is the frequency of the assessment charge? | Monthly |
| The regular periodic assessment is paid through: | 12-31-2019 |
| The next installment of the regular periodic assessment is due: | 01-01-2020 |
| The amount of the next regular periodic assessment due is: | 153.00 |
| Are additional moneys scheduled to become due to the association within the effective period? | Yes |
| **Comments: January Assessments due 1/1/2020 $153.00** | |
| What day of the month are regular assessments due? | 1st of every month |
| How many days after the due date is the regular assessment considered delinquent? | 30 |
| The penalty for delinquent assessments is: | |

### Specific Fees Due To Toulon Homeowners Association, Inc.

| | |
|---|---|
| Closing agent is required to collect the following number of additional regular assessments at closing: | 1 |
| Are there any current special assessments or governing body approved special assessments, against units within the association? If yes, a comment is provided. | No |
| Is there a capital contribution fee, resale fee, transfer fee, or other fee due? If yes, specify the type and the amount of the fee. | Yes |



EXHIBIT A

## Estoppel Certificate
### Toulon Homeowners Association, Inc.
### Rizzetta & Company, Inc.

**Property Information:**
9305 Merlot Cir
Seffner, FL 33584-2619
Seller: Bastin Joseph
Buyer: Christine and Kerry Lewandowski

**Requestor:**
Majesty Title Services, LLC
Dori Sullivan
813-831-3885
Estimated Closing Date: 01-30-2020

**Comments: Capital Contribution $500.00 (due at closing)**

**$150 Transfer Fee (paid when estoppel ordered).**

| | |
|---|---|
| Owner's current balance due: | $0.00 |

### General Association Information

| | |
|---|---|
| Is there any open violation of rule or regulation noticed to the unit owner in the association official records? | No |
| Is the association or the developer (if the project has not been turned over to the homeowners association) involved in any current or pending litigation? If yes, a comment is required. | No |

### Insurance Information

| | |
|---|---|
| Insurance broker's or agent's company name: | Community Insurance Group |
| Identify the insurance agent's name: | Bill Puckett |
| Insurance agent's phone number: | 813-685-8040 |
| Insurance agent's fax number: | 813-685-8716 |
| Insurance agent's email address: | bill@communityinsgroup.com |

**Deena Brown, Staff Accountant**

**Rizzetta & Company, Inc.**

**Phone: 813-533-2950**

**Issuance Date: 12-30-2019**

Please return check with barcode for faster processing



EXHIBIT A

## Estoppel Certificate
### Toulon Homeowners Association, Inc.
### Rizzetta & Company, Inc.

**Property Information:**
9305 Merlot Cir
Seffner, FL 33584-2619
Seller: Bastin Joseph
Buyer: Christine and Kerry Lewandowski

**Requestor:**
Majesty Title Services, LLC
Dori Sullivan
813-831-3885
Estimated Closing Date: 01-30-2020

**Comments:**

THE RESPONSES HEREIN ARE MADE IN GOOD FAITH AND TO THE BEST OF MY ABILITY AS TO THEIR ACCURACY.

THE TOTAL CURRENT ASSESSMENT AMOUNT LISTED ABOVE, IS THE FULL AMOUNT FOR THAT ASSESSMENT PERIOD. PLEASE PRORATE ACCORDINGLY FROM THE DATE OF CLOSING.

PLEASE REFER TO THE INSURANCE AGENT FOR INSURANCE INFORMATION.

THIS DISCLOSURE IS INTENDED FOR LENDING PURPOSES ONLY. THIS DISCLOSURE DOES NOT REPRESENT A DISCLOSURE OF INFORMATION TO A PROSPECTIVE BUYER AND SHOULD NOT BE RELIED UPON BY A PROSPECTIVE BUYER. A PROSPECTIVE BUYER SHOULD SEEK THE APPROPRIATE INFORMATION FROM THE SELLER OF THE PROPERTY.


EXHIBIT A

# Estoppel Certificate
## Toulon Homeowners Association, Inc.
## Rizzetta & Company, Inc.

**Property Information:**
9305 Merlot Cir
Seffner, FL 33584-2619
Seller: Bastin Joseph
Buyer: Christine and Kerry Lewandowski

**Requestor:**
Majesty Title Services, LLC
Dori Sullivan
813-831-3885
Estimated Closing Date: 01-30-2020

**FEES ARE REQUIRED DISCLOSURE PER FLORIDA ss. 718.116, 719.108, and 720.30851**

## Fee Summary

**Amounts Prepaid**

| | | |
|---|---|---|
| Estoppel Certificate | $273.00 | |
| Transfer Fee | $150.00 | *Buyer* |
| Convenience Fee | $6.00 | |
| **Total** | **$429.00** | |

*Seller $279*

## Payments Due At Closing

**Fees Due to Toulon Homeowners Association, Inc.**

| | | |
|---|---|---|
| Prepaid Assessments | $153.00 | *Buyer* |
| Working Capital Contribution | $500.00 | |
| **Total** | **$653.00** | |

Please return check with barcode for faster processing



Page 4 of 6

EXHIBIT A

**Estoppel Certificate**
**Toulon Homeowners Association, Inc.**
**Rizzetta & Company, Inc.**

**Property Information:**
9305 Merlot Cir
Seffner, FL 33584-2619
Seller: Bastin Joseph
Buyer: Christine and Kerry Lewandowski

**Requestor:**
Majesty Title Services, LLC
Dori Sullivan
813-831-3885
Estimated Closing Date: 01-30-2020

**PLEASE RETURN THIS FORM WITH YOUR CHECK AND CERTIFIED COPIES OF THE CLOSING DISCLOSURE FORM (FORMERLY THE HUD-1 FORM) AND THE GRANT OR WARRANTY DEED. PLEASE INDICATE CONFIRMATION NUMBER XT258QXRK ON THE CHECK TO ENSURE PAYMENT IS CREDITED PROPERLY.**

**Payments Due At Closing**

Fees Due to Toulon Homeowners Association, Inc.

| | | |
|---|---|---|
| | Working Capital Contribution | $500.00 |
| | Prepaid Assessments | $153.00 |
| | **Total** | **$653.00** |

**Include this confirmation number XT258QXRK on the check for $653.00 payable to and send to the address below.**

**Toulon Homeowners Association, Inc.**

**5844 Old Pasco Road Suite 100**

**Wesley Chapel, FL 33544**



EXHIBIT A

## Estoppel Certificate
### Toulon Homeowners Association, Inc.
### Rizzetta & Company, Inc.

**Property Information:**
9305 Merlot Cir
Seffner, FL 33584-2619
Seller: Bastin Joseph
Buyer: Christine and Kerry Lewandowski

**Requestor:**
Majesty Title Services, LLC
Dori Sullivan
915 Oakfield Drive, Suite B
Brandon, FL 33511
813-831-3885
dsullivan@majestytitle.com

### Buyer and Seller Contact Information

**Seller's New Address:**

Phone: 813-540-4500
Email: dsullivan@majestytitle.com

**Buyer's Address:**
9305 Merlot Circle
Seffner, FL 33584
Phone: 813-540-4500
Email: dsullivan@majestytitle.com
Is buyer occupant? Yes

### Closing Information

File/Escrow Number:
Estimated Close Date: 01-30-2020
Homewise Confirmation Number: XT258QXRK

Sales Price: 471,000.00
Closing Date:
Homewise Transaction ID: 4729169

### Status Information

Date of Order: 12-18-2019
Board Approval Date:
Order Complete Date: 12-30-2019
Date Paid: 12-18-2019

Order Retrieved Date:
Inspection Date:

### Community Manager Information

Company: Rizzetta & Company, Inc.
Completed By: Jordan Lanier-Nall
Primary Contact: Deena Brown
Address:
5844 Old Pasco Road Suite 100
Wesley Chapel, FL 33544
Phone: 813-533-2950
Fax:
Email: dbrown@rizzetta.com


EXHIBIT A

## Order Summary

**Toulon Homeowners Association, Inc.**

Rizzetta & Company, Inc.

**Property Information:**
9305 Merlot Cir
Seffner, FL 33584-2619
Seller: Bastin Joseph
Buyer: Christine and Kerry Lewandowski

**Requestor:**
Majesty Title Services, LLC
Dori Sullivan
813-831-3885

### Payment Summary

Payment Method:  American Express
Name:  Catherine Thompson
Account Number:  ███████████████
Payment Amount:  $429.00
Payment Date: 12-18-2019

### Payment Details

**Amounts Prepaid**

| | |
|---|---|
| Convenience Fee | $6.00 |
| Estoppel Certificate | $250.00 |
| Transfer Fee | $150.00 |
| HWD Third Party Service Fee | $23.00 |
| **Up Front Total** | **$429.00** |

### At Close Details

**Amounts Due At Close**

| | |
|---|---|
| **At Close Total** | **$0.00** |

No returns, exchanges, price adjustments, or cancellations are permitted after products are received unless mandated by state statute.
**NOTE:** This receipt is acknowledgment of your order. **DO NOT USE** for payoff or closing instructions.

Page 1 of 1

EXHIBIT B

**Majesty Title Services, a division of LandCastle Title Group, LLC**
**License #: W321036**
915 Oakfield Drive, Suite B, Brandon, FL 33511
Phone: (813)540-4600 | Fax: (813)571-0013

## MASTER STATEMENT

| | |
|---|---|
| **Settlement Date:** January 24, 2020 | **Escrow Number:** BN051911004 |
| **Disbursement Date:** January 24, 2020 | **Escrow Officer:** Catherine Thompson |
| | **Email:** cthompson@majestytitle.com |

**Borrower:** Christine A. Lewandowski and Kerry L. Lewandowski
9047 Ribbons Ridge Point
Boynton Beach, FL 33473

**Seller:** Bastin Joseph
11422 CALLAWAY POND DR
Riverview, FL 33579

**Property:** 9305 Merlot Circle
Seffner, FL 33584
TOULON PHASE 1 LOT 1 BLOCK G

**Lender:** Raymond James Bank, N.A.
P.O. Box 23558
Saint Petersburg, FL 33742
Loan Number: 8000010844

| | SELLER | | | | BORROWER | | |
|---|---|---|---|---|---|---|---|
| **$ DEBITS** | **$** | **CREDITS** | | | **$ DEBITS** | **$** | **CREDITS** |
| | | | FINANCIAL CONSIDERATION | | | | |
| | | 471,000.00 | Sale Price of Property | | 471,000.00 | | |
| | | | Loan Amount | | | | 376,800.00 |
| | | | PRORATIONS/ADJUSTMENTS | | | | |
| | | 219.59 | SW at $234.32 | | 219.59 | | |
| | | | 01/24/20 to 01/01/21 | | | | |
| | | 39.48 | Assessments at $153.00 | | 39.48 | | |
| | | | 01/24/20 to 02/01/20 | | | | |
| 461.65 | | | County Taxes at $7,346.24 | | | | 461.65 |
| | | | 01/01/20 to 01/24/20 | | | | |
| | | | COMMISSIONS | | | | |
| 3,000.00 | | | Bonus to Dalton Wade Inc. | | | | |
| | | | NEW LOAN CHARGES - Raymond James Bank, N.A. | | | | |
| | | | Total Loan Charges: $3,571.65 | | | | |
| | | | Appraisal Fee to Nations Valuation | | 440.00 | | |
| | | | Credit Report Fee to Corelogic | | 110.00 | | |
| | | | Prepaid Interest to Raymond James Bank, N.A. | | 314.00 | | |
| | | | $39.25 per day from 01/24/20 to 02/01/20 | | | | |
| | | | Raymond James Bank, N.A. | | | | |
| | | | Homeowner's Insurance to Raymond James Bank, N.A. | | 300.00 | | |
| | | | 3.000 Months at $100.00 per Month | | | | |
| | | | County Taxes to Raymond James Bank, N.A. | | 3,317.90 | | |
| | | | 5.000 Months at $663.58 per Month | | | | |
| | | | Aggregate to Raymond James Bank, N.A. | | | | 999.95 |
| | | | Tax Service to Dovenmule | | 59.00 | | |
| | | | Flood Cert to Corelogic | | 15.00 | | |
| | | | Appraisal Review fee to Mercury | | 15.50 | | |
| | | | TITLE & ESCROW CHARGES | | | | |
| | | | ALTA 5.1-06 - Planned Unit Development (with Florida Modifications) to Majesty Title Services, a division of LandCastle Title Group, LLC | | 50.00 | | |
| | | | ALTA 6-06 - Variable Rate to Majesty Title Services, a division of LandCastle Title Group, LLC | | 50.00 | | |
| | | | ALTA 8.1-06 - Environmental Protection Lien (with Florida Modifications) to Majesty Title Services, a division of LandCastle Title Group, LLC | | 50.00 | | |
| | | | ALTA 9-06 - Restrictions, Encroachments, Minerals (with Florida Modifications) 2006 to Majesty Title Services, a division of LandCastle Title Group, LLC | | 168.50 | | |

EXHIBIT C

MASTER STATEMENT - Continued

| SELLER | | | | BORROWER | | |
|---|---|---|---|---|---|---|
| $ DEBITS | $ CREDITS | | | $ DEBITS | $ | CREDITS |
| | | **TITLE & ESCROW CHARGES** | | | | |
| | | ALTA 9.2-06 - Restrictions, Encroachments, Minerals - Improved Land (with Florida Modificati to Majesty Title Services, a division of LandCastle Title Group, LLC | | 188.50 | | |
| | | Title - Lender's Title Insurance to Majesty Title Services, a division of LandCastle Title Group, LLC | | 250.00 | | |
| 1,635.00 | | Title - Owner's Title Insurance to Majesty Title Services, a division of LandCastle Title Group, LLC | | | | |
| | | Title - Settlement Services Fee - Buyer to Majesty Title Services, a division of LandCastle Title Group, LLC | | 650.00 | | |
| 450.00 | | Title - Settlement Services Fee - Seller to Majesty Title Services, a division of LandCastle Title Group, LLC | | | | |
| 125.00 | | Title - Title Search to Majesty Title Services, a division of LandCastle Title Group, LLC | | | | |
| 279.00 | | Estoppel Fee to Majesty Title Services, a division of LandCastle Title Group, LLC | | | | |
| | | HOA Transfer Fee to Majesty Title Services, a division of LandCastle Title Group, LLC | | 150.00 | | |

Policies to be issued:
  Owners Policy
    Underwriter: Chicago Title Insurance Company
    Coverage: $471,000.00    Premium: $1,635.00
    Version: ALTA Owner's Policy 2006 (with Florida Modifications)
  Loan Policy
    Underwriter: Chicago Title Insurance Company
    Coverage: $376,800.00    Premium: $250.00
    Version: ALTA Short Form Residential Loan Policy 2006 (with Florida Modifications)

| SELLER | | | | BORROWER | | |
|---|---|---|---|---|---|---|
| $ DEBITS | $ CREDITS | | | $ DEBITS | $ | CREDITS |
| | | **GOVERNMENT CHARGES** | | | | |
| | | Recording Fees to Simplifile | | 207.00 | | |
| | | E-Recording Service Fee to SimpliFile/ Majesty Title Services | | 5.00 | | |
| | | Intangible Tax to Simplifile | | 753.60 | | |
| 3,297.00 | | State Tax/Stamps - Deed ($3,297.00) to Simplifile | | | | |
| | | State Tax/Stamps - Mortgage to Simplifile | | 1,318.80 | | |
| | | **PAYOFFS** | | | | |
| | | Payoff of First Mortgage Loan to Hillsboro Bank ($250,318.83) | | | | |
| 250,318.83 | |   Total Payoff | | | | |
| | | **HOA CHARGES** | | | | |
| | | CAPITAL CONTRIBUTION to Toulon | | 500.00 | | |
| | | FEBRUARY hoa to Toulon | | 153.00 | | |
| | | **MISCELLANEOUS CHARGES** | | | | |
| | | Homeowner's Insurance Premium 12 months | | 1,200.00 | | |
| 7,803.75 | | 2019 RE TAXES to DOUG BELDEN TAX COLLECTOR | | | | |
| 2,799.00 | | Listing Real Estate Commission to Charles Rutenberg Realty, Inc. | | | | |
| 80.00 | | Municipal Lien Search to Proplogix 19-572535 | | | | |
| 9,121.00 | | Selling Real Estate Commission to Dalton Wade Inc. | | | | |
| | | Survey to M.E. Land Surveying Inc B-67152 | | 475.00 | | |
| | 200.00 | Agent Credit | | | | |

EXHIBIT C

MASTER STATEMENT - Continued

| | | | | |
|---|---|---|---|---|
| 279,370.23 | 471,459.07 | Subtotals | 482,019.87 | 378,261.80 |
| | | Balance Due FROM Borrower | | 103,758.27 |
| 192,088.84 | | Balance Due TO Seller | | |
| 471,459.07 | 471,459.07 | TOTALS | 482,019.87 | 482,019.87 |

The undersigned hereby certify that they have carefully reviewed the Closing Disclosure or other settlement statement form, and they approve and agree to the payment of all fees, costs, expenses and disbursement as reflected on the Closing Disclosure or other settlement statement form to be paid on their behalf. We further certify that we have received a copy of the Closing Disclosure or other settlement statement.

SELLER:                                                          BORROWER:

_____                      Christine A. Lewandowski
Bastin Joseph
                                                                 _____
                                                                 Kerry L. Lewandowski

I have reviewed the Closing Disclosure, the settlement statement, the lender's closing instructions and any and all other forms relative to the funds held in escrow, including any disclosure of the Florida title insurance premiums being paid, and I agree to disburse the escrow funds in accordance with the terms of this transaction and Florida law.

_____
Majesty Title Services, a division of LandCastle Title
Group, LLC
Catherine Thompson
License Number: W321036

EXHIBIT C